LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone:  (310) 577-0870
Facsimile:  (424) 228-5351

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Sherry Fenn

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| Sherry Fenn, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **1. VIOLATION OF FAIR DEBT COLLECTION practices ACT, 15 U.S.C. § 1692 et. seq;** |
| CIR, Law Offices; and DOES 1-10, inclusive, | **2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.** |
| Defendants. | **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Sherry Fenn, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Sherry Fenn (hereafter "Plaintiff"), is an adult individual residing in Riverbank, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, CIR, Law Offices (hereafter "CIR"), is a California business entity with an address of 8665 Gibbs Drive, Suite 150, San Diego, California 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6.      Does 1-10 (the "Collectors") are individual collectors employed by CIR and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      CIR at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.      **The Debt**

8.      The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to CIR for collection, or CIR was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

3

**B.     CIR Engages in Harassment and Abusive Tactics**

12.     CIR called the Plaintiff numerous times per day in an attempt to collect the Debt with the intent to harass.

13.     CIR was rude and abusive when speaking to the Plaintiff.

14.     CIR discussed the Debt with the Plaintiff's father.

15.     CIR sent papers to the Plaintiff insinuating a court action had been initiated.

16.     CIR threatened to file legal action against the Plaintiff.  To date, no such action has been filed.

**C.     Plaintiff Suffered Actual Damages**

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

22.     The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

23.     The Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

24.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

25.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

26.     The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

27.    The Defendants falsely misrepresented to the Plaintiff that the documents received by the Plaintiff from the Defendant were authorized by a court or official, in violation of 15 U.S.C. § 1692e(9).

28.    The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

29.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, Cal. Civ. Code § 1788 et seq.**

31.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.    The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

33.    CIR, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

6

34.     The Defendants threatened to communicate to other parties that the Plaintiff was engaged in conduct which the Defendant knew to be defamatory, in violation of Cal. Civ. Code § 1788.10(c).

35.     The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

36.     The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

37.     The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

38.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

39.     The Defendants communicated information about the debt to the Plaintiff's extended family, without the intent of confirming the Plaintiff's location and without consent from the Plaintiff or the Plaintiff's attorney, in violation of Cal. Civ. Code § 1788.12(b).

40.     The Defendants sent communication the Plaintiff simulating legal and judicial process, in violation of Cal. Civ. Code § 1788.16.

41.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

7

1    42.    The Plaintiff is entitled to damages as a result of the Defendants'

2

3    violations.

4

5    ## **PRAYER FOR RELIEF**

6

7    WHEREFORE, the Plaintiff prays that judgment be entered against the

8    Defendants:

9

10   A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

11       Defendants;

12   B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

13

14       against the Defendants;

15   C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

16

17       § 1692k(a)(3) against the Defendants;

18   D.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

19   E.  Statutory damages of $1,000.00 per violation for knowingly and

20

21       willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

22   F.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

23   G.  Actual damages from the Defendants for the all damages including

24

25       emotional distress suffered as a result of the intentional, reckless, and/or

26       negligent FDCPA violations and intentional, reckless, and/or negligent

27

28

invasions of privacy in an amount to be determined at trial for the

Plaintiff;

H. Punitive damages; and

I.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 11, 2010                    LARA SHAPIRO


By: ___/s/   *Lara R. Shapiro*_____
Lara R. Shapiro

Attorney for Plaintiff
Sherry Fenn