**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SHERRY FENN,**<br><br>         **Plaintiff,**<br><br>    **v.**<br><br>**CIR, Law Offices, and Does 1 through 10, inclusive,**<br><br>         **Defendants.** | No. 1:10-CV-01903-OWW-SMS<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS (Doc. 5) |

## I.   INTRODUCTION.

**Plaintiff Sherry Fenn filed a complaint against Defendant CIR, Law Offices ("CIR"), a debt collector, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq ("FDCPA").[1] Plaintiff alleges that Defendant violated the FDCPA by engaging in abusive and improper behavior while attempting to collect a debt from Plaintiff.**

**Defendant CIR moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that Plaintiff has failed to state a cognizable violation of the FDCPA.**

---

[1] The complaint also alleged violations of the California Rosenthal Act, Cal. Civ. Code § 1788, et seq. Those claims were abandoned on February 21, 2011. See Doc. 7 at 4:4-4:6 ("Plaintiff agrees that the Rosenthal Act does not apply to this Defendant and voluntarily dismisses her Second Cause of Action for violations of the Rosenthal Act.").

1

**II. BACKGROUND.**

The following background facts are taken from the parties' submissions in connection with the motions and other documents on file in this case.

This matter involves a dispute between a Plaintiff and Defendant CIR concerning the latter's attempts to collect an unpaid debt of $2,651.58 (owed to Target National Bank). On January 29, 2010, a validation notice was purportedly sent to Plaintiff seeking the balance of the debt, $2,651.58. It is undisputed that Plaintiff did not respond to the validation notice.

On August 18, 2010, Defendant CIR filed a debt collection suit against Plaintiff on behalf of Target National Bank in the Superior Court of California, County of Stanislaus, Case No. 657041. Defendant claims that Plaintiff, or someone matching her description, was served by substituted service on September 4, 2010.

On September 10, 2010, Plaintiff contacted Defendant CIR to discuss a settlement. Plaintiff offered to resolve the matter for $1,458.37, the amount identified in an expired settlement letter. The parties ultimately agreed to settle the debt collection matter for $1,856.78.

On September 13, 2010, Defendant CIR received a cashier's check from Plaintiff in the amount of $1,856.78. Defendant dismissed the state court action against Plaintiff on October 13, 2010.

On October 11, 2010, Plaintiff filed this action to recover actual, statutory and punitive damages stemming from Defendant's

allegedly unlawful debt collection practices.[2]  The federal complaint advances two claims for relief: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; and (2) violations of the California Rosenthal Act, Cal. Civ. Code § 1788 et seq.

On November 24, 2010, Defendant moved to dismiss this action on grounds that Plaintiff has not stated a claim upon which relief can be granted.[3]  Plaintiff's opposition, filed February 21, 2011, is limited to the merits of the FDCPA claim against Defendant.  See Doc. 7 at 4:4-4:6 ("Plaintiff agrees that the Rosenthal Act does not apply to this Defendant and voluntarily dismisses her Second Cause of Action for violations of the Rosenthal Act.").

### III. <u>LEGAL STANDARD</u>.

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet - that

---

[2] Plaintiff requested actual damages for emotional distress, along with the maximum statutory damages of $1,000.00 per violation.

[3] While the motion to dismiss was filed on November 22, 2010, the "Memorandum of Points & Authorities" appears on the docket as Doc. 8, filed on February 22, 2011.

the court must accept as true all of the allegations contained in the complaint - "is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id*. at 1950.

### IV.   DISCUSSION.

The FDCPA imposes strict liability on debt collectors for their violations, i.e., it makes debt collectors liable for violations that are not knowing or intentional. *Reichert v. Nat'l Credit Sys*., 531 F.3d 1002, 1004-05 (9th Cir. 2008); *see also Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1176 & n. 11 (9th Cir. 2006). In order to prevail on a FDCPA claim, plaintiff must prove that: (1) she was the object of collection activity arising from consumer debt; (2) defendants are debt collectors as defined by the FDCPA; and (3) defendants have engaged in an act or omission prohibited by the FDCPA. *See, e.g., Som v. Daniels Law Offices, P.C.*, 573 F. Supp. 2d 349, 356 (D. Mass. 2008).

Defendants do not dispute that Plaintiff was the object of collection activity arising from consumer debt. The complaint alleges that Defendant is a "debt collector" within the meaning of

FDCPA. Compl., Doc. 1, ¶ 2.

Defendant asserts, however, Plaintiff has failed to sufficiently allege that it engaged in any "act or omission" prohibited by the FDCPA. Defendant characterizes Plaintiff's allegations as "conclusory" and "unsustainable."

Plaintiff brings one FDCPA claim premised on violations of various FDCPA subsections, including 15 U.S.C. § 1692b(1), § 1692b(2), § 1692b(3), § 1692d(2), § 1692d(5), § 1692e(5), § 1692e(9) and § 1692e(10):

> 21. The Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).
>
> 22. The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).
>
> 23. The Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).
>
> 24. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).
>
> 25. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).
>
> 26. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).
>
> 27. The Defendants falsely misrepresented to the Plaintiff that the documents received by the Plaintiff from the Defendant were authorized by a court or official, in violation of 15 U.S.C. § 1692e(9).
>
> 28. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

Compl., ¶¶ 21-28.

Plaintiff's complaint is insufficient to state a claim for relief because it merely asserts a list of legal conclusions that Defendant "violated" several provisions of the FDCPA. See, e.g., Compl., ¶ 24 ("The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692b(3)."). But the complaint does not plead sufficient facts to support these legal conclusions. For instance, to establish the third element of the FDCPA claim, i.e., whether the debt collector engaged in an act or omission prohibited by the FDCPA, Plaintiff pleads that:

> 12. CIR called the Plaintiff numerous times per day in an attempt to collect the Debt with the intent to harass.
>
> 13. CIR was rude and abusive when speaking to the Plaintiff.
>
> 14. CIR discussed the Debt with the Plaintiff's father.
>
> 15. CIR sent papers to the Plaintiff insinuating a court action had been initiated.
>
> 16. CIR threatened to file legal action against the Plaintiff. To date, no such action has been filed.

Compl., ¶¶ 12-16.

These "facts" simply repeat the relevant statutory language without any dates, identities or the circumstances. While Plaintiff has pled adequate facts to establish that CIR used the telephone to attempt to collect a debt, it is unclear *when* the conversations took place, *who* initiated the conversations, *what* was allegedly discussed and/or disclosed, and *in what manner* CIR was "rude and abusive." These basic facts are necessary to maintain

**causes of action under §§ 1692b and 1692d of the FDCPA.[4]** *See Skelley v. Ray Klein, Inc.*, **No. 09-6242-AA, 2010 WL 438148, at 3 (D. Or. Feb. 3, 2010)("Plaintiff's claims are speculative as he relies only on his assertion that the phone calls are 'false and**

---

[4] Section 1692b states in relevant part:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall --
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
> (2) not state that such consumer owes any debt;
>
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

15 U.S.C. § 1692b(1)-(3).

> Section 1692d states in relevant part:
>
> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section [...]
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(2), (5).

7

deceptive' [] [t]hat label is insufficient to state a claim."); *accord Narog v. Certegy Check Services, Inc.*, No. C-10-03116 SI --- F. Supp. 2d ----, 2011 WL 70595, at 4 (N.D. Cal. Jan. 10, 2011)("A plaintiff cannot allege a claim for violation of the FDCPA based on conduct that occurred after he paid his debt in full, and after the debt collector acknowledged that the debt was paid in full.").[5] Plaintiff's assertions are insufficient to state a claim pursuant to §§ 1692b and 1692d.  Plaintiff does little more than reiterate those sections in her complaint.

Plaintiff also fails to state a claim under § 1692e(5). A violation occurs under § 1692e(5) when a debt collector threatens to take any action that cannot legally be taken or that is not intended to be taken.  Here, legal action *was* taken - it was not just a threat - and Plaintiff does not otherwise allege how CIR's conduct violated § 1692e(5), i.e., it is not alleged that CIR was (1) legally barred from pursuing a debt collection suit, or (2) lacked the requisite intent to do so.

Plaintiff's claims under §§ 1692e(9) and (10) fail for the same reasons as articulated above.  Section 1692e states in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section [...]

---

[5] Under the FDCPA, once a debt is paid there is no "debt" and there can be no debt collection that violates the FDCPA. *See, e.g., Gorbaty v. Portfolio Recovery Assocs., LLC*, 355 F. App'x 580 (3d Cir. 2009), cert. denied, --- U.S. ----, 130 S.Ct. 2116 (2010). As Plaintiff fails to identify when or how CIR was "rude and abusive" or when her father was contacted, it is unclear whether she has plead a prima facie claim under the FDCPA.

> **(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

15 U.S.C. § 1692e(9)-(10).

Plaintiff has not pleaded any facts to support a claim under §§ 1692e(9) and (10). No factual allegations describe how CIR, as a debt collector, used or distributed any false or deceptive written communication or misrepresented itself to collect a debt or to obtain information about Plaintiff. Facts, not labels or black letter restatements, plead actionable claims in this Circuit. *See Twombly*, 550 U.S. at 570 (2007) (holding that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Further, there are no facts to indicate that the "papers" allegedly sent by CIR to Plaintiff are of the same class/type as the documents described in § 1692e(9).

Supreme Court authority requires that Plaintiff plead facts to appropriately identify with particularity the conduct undertaken by CIR that she claims was unlawful. Plaintiff has not done so. Defendant's Motion to dismiss Plaintiff's FDCPA claim is granted with leave to amend.

*///*
*///*

## V. <u>CONCLUSION</u>.

For the reasons stated:

1. Plaintiff has failed to plead the requisite facts to establish a cognizable legal claim under the FDCPA.

2. Defendant's Motion to dismiss Plaintiff's FDCPA claim against Defendant CIR is GRANTED WITH LEAVE TO AMEND.

3. Plaintiff's Rosenthal Act claim against Defendant CIR is DISMISSED WITH PREJUDICE.

4. Any amended complaint shall be filed within twenty ("20") days following date of electric service of this decision. Defendant shall have twenty-one ("21") days to respond.

IT IS SO ORDERED.

**Dated:   March 8, 2011**           /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE