LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Sherry Fenn

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Sherry Fenn,<br><br>   Plaintiff,<br><br> vs.<br><br>CIR, Law Offices,<br><br>   Defendant. | Case No.: 1:10-cv-01903-OWW-SMS<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR<br>1. VIOLATION OF FAIR DEBT COLLECTION practices ACT, 15 U.S.C. § 1692 et. seq;<br>JURY TRIAL DEMANDED<br>Hon. Oliver W. Wanger |

For this First Amended Complaint, the Plaintiff, Sherry Fenn, by undersigned counsel, states as follows:

JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

PARTIES

4. The Plaintiff, Sherry Fenn (hereafter "Plaintiff"), is an adult individual residing in Riverbank, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, CIR, Law Offices (hereafter "CIR"), is a California business entity with an address of 8665 Gibbs Drive, Suite 150, San Diego, California 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CIR and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CIR at all times acted by and through one or more of the Collectors.

ALLEGATIONS APPLICABLE TO ALL COUNTS

*The Debt*

8. The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CIR for collection, or CIR was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

*CIR Engages in Harassment and Abusive Tactics*

12. CIR called the Plaintiff every day day in an attempt to collect the Debt with the intent to harass. The calls occurred on or about mid 2010 through late 2010.

13. Various callers from Defendant would call Plaintiff and demand payment in full, and make settlement offers which changed daily. Plaintiff does not recall the names or dates of the callers or calls, but the calls occurred from approximately mid through late 2010, but in any event within the one year of the filing of the action.

14. CIR was rude and abusive when speaking to the Plaintiff. Plaintiff called CIR in response to a letter with a settlement offer of $1400, the defendant responded "that offer is expired, now it is $1856.00." Plaintiff sent a cashier's check for $1856.00 on or about August 2010.

15. CIR discussed the Debt with the Plaintiff's father, disclosing that they were calling about a debt the Plaintiff owed.

16. CIR sent papers to the Plaintiff insinuating a court action had been initiated. Plaintiff received court papers, which have the wrong address and an illegible stamp, and the court address crossed out, making the documents illegible and suspect. Plaintiff did not receive these documents by personal service or substituted service. The court case was filed, no proof of service was ever filed and the case has since been dismissed. Stanislaus County Superior Case No. *657041Target National Bank v. Fenn, Sherry*, filed on 8-18-2010, no proof of service, dismissed on 10-13-2010.

17. CIR sent Plaintiff a settlement offer of $1590.95 on September 9, 2010 after Plaintiff had paid by cashier's check the amount of $1856.00.

*Plaintiff Suffered Actual Damages*

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

COUNT I
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

23. The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

24. The Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

25. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

26. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

E. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1
2  DATED:  March 28, 2011                         LARA SHAPIRO
3
4
5                                                 By:   /s/   Lara R. Shapiro
                                                  Lara R. Shapiro
6
7                                                 Attorney for Plaintiff
                                                  Sherry Fenn
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FEDERAL COURT PROOF OF SERVICE**
Sherry Fenn v. CIR, Law Offices

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 4145 Via Marina # 324, Marina del Rey, CA 90292. I am a member of the bar of this Court.

On March 28, 2011, I served the following document(s): **PLAINTIFF'S FIRST AMENDED COMPLAINT**

I served the document(s) on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Tara Muren, Esq.
CIR, LAW OFFICES
8665 Gibbs Dr., Ste. 150
San Diego, CA 92123
tara@cirlaw.com

The documents were served by the following means:

[X]   (BY CM/ECF SYSTEM) The above document was delivered to the persons above by the Court's CM/ECF SYSTEM

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 28, 2011, at Los Angeles, California.

By: _s/ Lara Shapiro