1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SHERRY FENN,

                    Plaintiff,

      v.

CIR, LAW OFFICES,

                    Defendant.

_____/

CASE NO. 1:10-cv-01903-SMS

ORDER DISMISSING CASE FOR
FAILURE TO STATE A CLAIM

(Doc. 18)

      Defendant CIR, Law Offices moves for dismissal of Plaintiff's Amended Complaint for failure to state a claim.  F.R.Civ.P. §12(b)(6).  Despite the District Court's prior order dismissing Plaintiff's claim with leave to amend due to its factual insufficiency, the amended complaint still alleges only threadbare claims and conclusory, unwarranted deductions of fact.   Because Plaintiff's factual allegations are insufficient to state a claim under any of the six statutory provisions that she alleges that Defendant violated, the Court grants Defendant's motion to dismiss.  F.R.Civ.P. 12(b)(6).

**I.**    <u>**Procedural History**</u>

      On October 11, 2010, Plaintiff filed a complaint alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (FDCPA) and the Rosenthal Fair Debt Collection Practices Act (California Civil Code § 1788 *et seq.*) (the Rosenthal Act).  On November 24, 2010, Defendant moved for the complaint's dismissal for failure to state a claim. On March 8, 2011, the District Court dismissed the FDCPA claim with leave to amend and the Rosenthal Act claim with prejudice.  In its opinion, the District Court clearly set forth the

1  standards for sufficient complaints and explained, in detail, the shortcomings of the dismissed

2  complaint.

3      On March 28, 2011, Plaintiff filed her amended complaint, again alleging FDCPA claims.

4  On April 15, 2011, both parties consented to the jurisdiction of a United States Magistrate Judge.

5  On April 18, 2011, Defendant moved to dismiss the amended complaint pursuant to F.R.Civ.P.

6  12(b)(6) .

7  **II.    Factual Allegations of the Amended Complaint**

8      Plaintiff alleges that she incurred a debt to a creditor for goods purchased primarily for

9  family, household, or personal purposes. The creditor hired Defendant, a "debt collector" as

10  defined in 15 U.S.C. § 1692a(6), to collect the debt from Plaintiff.  Defendant called Plaintiff

11  daily "with the intent to harass."  Various callers demanded payment, making settlement offers

12  which changed daily.  "Plaintiff does not recall the names or dates of the callers or calls, but the

13  calls occurred from approximately mid through late 2010, but in any event within one year of the

14  filing of the action."

15      Plaintiff alleges that Defendant discussed Plaintiff's debt with her father.  "Defendant sent

16  papers to Plaintiff, insinuating a court action had been initiated."  Because the papers bore the

17  wrong address, an illegible stamp, and had the court's address crossed out, Plaintiff considered the

18  papers to be suspect.  No proof of service was ever filed.  The lawsuit (*Target Nat'l Bank v. Fenn*,

19  Stanislaus Superior Court No. 657041) was filed August 18, 2010, and dismissed October 13,

20  2010.

21      Defendant was rude and abusive to Plaintiff.  When Plaintiff called to accept a $1400

22  settlement offer, Defendant advised her that the offer had expired and that settlement then would

23  be $1856.  Plaintiff accepted the offer and paid $1856 in or about August 2010.  Thereafter, on

24  September 9, 2010, Defendant sent Plaintiff a settlement offer of $1590.95.

25      Plaintiff contends that Defendant's outrageous action caused Plaintiff humiliation, anger,

26  anxiety, emotional distress, fear, frustration, and embarrassment.

27  ///

28  ///

1    **III.    Sufficiency of Complaint**

2           Federal Rule of Civil Procedure 12(b)(6) provides for a claim's dismissal "if as a matter of

3    law it is clear that no relief could be granted under any set of facts that could be proved consistent

4    with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  In considering a motion to

5    dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint

6    in question, construe the pleading in the light most favorable to the party opposing the motion,

7    and resolve all doubts in the pleader's favor. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425

8    U.S. 738, 740 (1976);  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

9    (1969).   A motion to dismiss for failure to state a claim should not be granted unless it appears

10   beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle

11   him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Palmer v.*

12   *Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).

13          At its most basic level, evaluating whether a complaint states a claim against particular

14   defendants requires its analysis in light of applicable pleading standards.   "Rule 8(a)'s simplified

15   pleading standard applies to all civil actions, with limited exceptions," none of which applies here.

16   *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  Pursuant to Rule 8(a), a complaint must

17   contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."

18   Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the

19   plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

20          Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of

21   the cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*,

22   129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

23   "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible

24   on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  The Court should not

25   accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

26   unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended on*

27   *denial of rehearing*, 275 F.3d (9th Cir. 2001).  While factual allegations are accepted as true, legal

28   conclusions are not. *Iqbal*, 129 S.Ct. at 1949**.**

1   Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to

2   relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff

3   must set forth "the grounds of his entitlement to relief," which "requires more than labels and

4   conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56

5   (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant,

6   a plaintiff must set forth the legal and factual basis for his claim. *Id.*  In this motion, Defendant

7   contends that Plaintiff has failed to allege facts sufficient to state a plausible FDCPA claim.

8   **IV.   Discussion**

9   "Congress enacted the FDCPA to protect consumers from 'improper conduct' and

10  illegitimate collection practices "without imposing unnecessary restrictions on ethical debt

11  collectors.'" *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1169-70 (9th Cir.

12  2006), *quoting* S.Rep. No. 95-382, at 1 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696,

13  1698-99.  To prevail on an FDCPA claim, a plaintiff must prove that (1) he or she was the object

14  of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined

15  by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the

16  FDCPA. *McCorriston v. L.W.T., Inc.*, 536 F.Supp.2d 1268, 1273 (M.D.Fla. 2008).  The amended

17  complaint fails to allege facts to support any of these three elements, simply setting forth legal

18  conclusions that echo the statutory language.

19  For example, in paragraphs 8 and 9 of the amended complaint, Plaintiff alleges that she

20  incurred a financial obligation to a creditor for services that "were primarily for family, personal

21  or household purposes" and that met the definition of "debt" in 15 U.S.C. § 1692a(5).  These

22  allegations are legal conclusions, not facts.  Factual allegations would set forth information

23  supporting the legal standard, that is, that Plaintiff became indebted to Target National Bank in

24  the amount of $2651.58 for whatever specific goods or services she purchased there.[1]  Those

25  specific facts would enable the jury to conclude that Plaintiff had incurred a consumer debt of the

26  type addressed by FDCPA.  Similarly, the amended complaint pleads the legal conclusion that

27  ///

28

---

[1] Specific factual information is drawn from Defendant's factual account.

Defendant is a debt collector within the statutory definition (15 U.S.C. § 1692a(6)) but does not allege specific facts supporting that conclusion.

Finally, the amended complaint recites legal conclusions that Defendant violated various provisions of the FDCPA: 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692d(2), 1692d(5), and 1692e(10).

### A.   **15 U.S.C. §§ 1692b(1), (2), and (3)**

These three sections address a debt collector's communication with a third party to secure location information regarding the consumer.  In such communications, the debt collector must identify him- or herself, state that he or she is confirming or correcting location information concerning the consumer, and may not identify his or her employer unless expressly requested by the third party.  15 U.S.C. § 1692b(1).  He or she may not state that the consumer owes any debt. 15 U.S.C. § 1692b(2).  Nor may the debt collector communicate with any third party more than once unless the third party requests that the debt collector do so or the debt collector believes that the earlier response was erroneous or incomplete and that the third party now has complete or correct information.  15 U.S.C. § 1692b(3).  The amended complaint alleges that Defendant's contacting her father violated these three statutory provisions in the words of the statute itself.  It includes no specific factual allegations.  The absence of any factual allegations whatsoever is not sufficient to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555.  The amended complaint fails to state a claim for violation of these statutory sections.

### B.   **15 U.S.C. § 1692d(2) and (5)**

This statute prohibits a debt collector's harassing or abusing a consumer.  "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt.  15 U.S.C. §1692d.  Among the prohibited conduct is the use of obscene or profane language which has the natural consequence of abusing the hearer or reader.  15 U.S.C. § 1692d(2).  Also prohibited is causing a telephone to ring or engaging any person in conversation repeatedly or continuously with the intent to annoy, abuse, or harass. 15 U.S.C. § 1692d(5).  Again, the amended complaint presents its allegations in the words of the statutes themselves.

The complaint generally alleges that Defendant called Plaintiff every day with the intent to harass from "about mid 2010 through late 2010."  The complaint further alleges that various callers from Plaintiff called Plaintiff and demanded payment in full, then made settlement offers which changed daily.  "Plaintiff does not recall the names or dates of the callers or calls, but the calls occurred approximately mid through late 2010, but in any event within the one year [*sic*] of the filing of the action."

As the Court previously explained in its dismissal of Plaintiff's original complaint, these facts are insufficient to allege the violations since they do not provide sufficient information regarding when the conversations occurred, who contacted Plaintiff, what was discussed or disclosed, and in what manner Defendant was rude or abusive.  The vague allegations of the amended complaint are insufficient to  give Defendant fair notice of what Plaintiff's claim is and the grounds upon which it rests.  *See Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555; *Swierkiewicz*, 534 U.S. at 512.

The complaint also alleges that Defendant was rude and abusive in telling Plaintiff, when she called to respond to a settlement offer of $1400 that the prior settlement offer had been withdrawn and that Defendant would then settle for $1856.  Since the interest on Plaintiff's debt accrued as it remained unpaid and collection costs increased, particularly once Defendant was required to prepare and file its lawsuit, increasing settlement demands are not surprising.  That Defendant's increased settlement offer was, of itself, harassing or abusive is not a reasonable inference.  *See Sprewell*, 266 F.3d at 988.

Finally, the amended complaint alleges harassment in a settlement offer received after Plaintiff had reached a settlement with Defendant and paid the amount due by cashier's check. Since no debt collection violative of the FDCPA can exist once the debt has been paid, this allegation cannot state a cause of action under 15 U.S.C. § 1692d(5).  *Gorbaty v. Portfolio Recovery Associates, LLC*, 355 Fed.Appx. 580, 581 (3d Cir. 2009), *cert. denied*, 130 S.Ct. 2116 (2010).

The amended complaint fails to state a claim for violation of these statutory sections.

*///*

1    **C.      15 U.S.C. § 1692e(10)**

2    " A debt collector may not use any false, deceptive, or misleading representation or means

3    in connection with the collection of any debt." 15 U.S.C. § 1692e.  One example of conduct that

4    violates this statute is the use of any false representation or deceptive means to collect or attempt

5    to collect a debt or to obtain information about a consumer.  15 U.S.C. § 1692e(10).  The

6    amended complaint alleges that Defendant violated this statute by falsely insinuating that court

7    action had been initiated in *Target National Bank v. Fenn, Sherry*; Stanislaus County Superior

8    Court No. 657041, filed August 18, 2010.  Plaintiff denies that she was ever served with the

9    complaint.  The complaint alleges that the suit was filed, but no proof of service was ever filed,

10   and the case was later dismissed.

11   The amended complaint itself alleges that Defendant filed a complaint against Plaintiff.

12   That Defendant never filed the proof of service and dismissed the case after Plaintiff's settling

13   with Defendant does not logically suggest that Defendant falsely represented that it had sued

14   Plaintiff.  The amended complaint fails to state a claim for violation of these statutory sections.

15   **III.    Conclusion and Recommendation**

16   Because Plaintiff's complaint fails to state a cause of action against Defendant, Plaintiff's

17   amended complaint is hereby DISMISSED with prejudice.  The Clerk of Court is directed to enter

18   judgment dismissing this action with prejudice.

19

20   IT IS SO ORDERED.

21   **Dated:    June 28, 2011**                          _____/s/ Sandra M. Snyder_____
                                                          UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28